IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUL -2  A 10: 27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GREGORY KELLY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: 2:07-CV-610-WHA |
| vs ) | |
| ) | |
| JOHN FREE, Individually and in his official ) | |
| position as an employee of the Alabama Public ) | |
| Service Commission; ) | |
| JANICE M. HAMILTON, Individually and in ) | JURY TRIAL DEMANDED |
| her official position as a Division Director of the ) | |
| Alabama Public Service Commission; ) | |
| ALABAMA PUBLIC SERVICE COMMISSION,) | |
| an agency of the State of Alabama. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes Now the Plaintiff, Gregory Kelly, and files this Complaint seeking relief under the provisions of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §2000 @ et. seq. and under the provisions of 42 U.S.C. §§ 1981, 1983 and under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. The Plaintiff also seeks relief on various state causes of action.

## JURISDICTION

1. Jurisdiction in this Honorable Court is posted under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because it involves the civil rights of the Plaintiff and because it involves questions of Federal law.

## PARTIES

2. Plaintiff Gregory Kelly, is a black male, over the age of forty (40) years, and at all times relevant hereto was a resident of Montgomery, Montgomery County, Alabama, which is encompassed in the area of the United States District Court For The Middle District Of Alabama, Northern Division.

3. Defendant John Free, a white male, over the age of forty (40) years, is employed by the Alabama Public Service Commission with his office located at 100 North Union Street, Montgomery, Montgomery County, Alabama, which is encompassed in the area of the United States Middle District Of Alabama, Northern Division.

4. Defendant Janice M. Hamilton, is a black female, over forty (40) years of age, and is employed as a Division Director of the Alabama Public Service Commission with her office located at 100 North Union Street, Montgomery, Montgomery County, Alabama, which is encompassed in the area of the United State District Court For The Middle District Of Alabama, Norther Division.

5. Defendant Alabama Public Service Commission, is an agency of the State of Alabama with its offices located at 100 North Union Street, Montgomery, Montgomery Count, Alabama, which is encompassed in the area of the United States District Court For The Middle District Of Alabama, Northern Division.

## STATEMENT OF FACTS SUPPORTING CAUSE OF ACTION

6. Plaintiff Kelly, is a black male, over forty (40) years of age, employed by the Alabama Public Service Commission as a Public Utility Technical Specialist, Senior Energy Division, in the Electricity Section, as an Engineer. Plaintiff Kelly has a degree in engineering.

7. Defendant John Free, is a white male, younger than Plaintiff Kelly, and is the Electricity Section Manager. Defendant Free has an accounting degree, but evaluates the technical work performance of Plaintiff Kelly and performed Plaintiff Kelly's annual evaluation.

8. The only other degreed engineers in the Energy Division are Janice M. Hamilton, a black female Division Director, and J. Rick Cleckler, a white male, who is in charge of the Special Project Section. The direct supervisor of J. Rick Cleckler is Janice M. Hamilton.

9. The position Plaintiff Kelly presently occupies has been occupied by a black employee for the past sixteen (16) years. A desk audit has not been conducted on this position for at least twenty-five (25) years. The last time a desk audit was performed on this position held by Plaintiff Kelly was when it was occupied by a white employee. On numerous occasions Plaintiff has requested a desk audit be performed on his position and each time his request was denied by Defendant John Free.

10. In May 2005, Plaintiff Kelly's job title was changed from "Utilities Engineering Specialist II" to "Public Utility Technical Specialist, Senior." No job study was conducted at the time of the change and no reason was provided for the change in job title.

11. Plaintiff Kelly's job title is the same as J. Rick Cleckler, a white male. However, Mr. Cleckler reports directly to the Division Director, Janice M. Hamilton, who is an engineer and she also performs J. Rick Cleckler's annual evaluations.

12. Plaintiff Kelly is the only black merit system engineer presently working for the Alabama Public Service Commission, Energy Division. Cleckler is a white merit system engineer and Hamilton, Energy Division Director, is a non-merit system engineer.

13. Plaintiff Kelly filed an EEOC Complaint against the Defendants and received a Right To Sue Notice dated April 10, 2007. (Exhibit 1)

## FIRST CAUSE OF ACTION
## RACIAL DISCRIMINATION
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

14. The Plaintiff realleges and incorporates herein this First Cause of Action the allegations contained in paragraphs 1-13 of this Complaint the same as if set out herein in full.

15. The Plaintiff avers and alleges that he is treated differently from the only other working engineer in the Energy Division, J. Rick Cleckler. Plaintiff avers and alleges that his age is an issue as he is older than John Free and Janice M. Hamilton. Plaintiff avers that his race, black, is a factor in preventing him from being treated the same as J. Rick Cleckler, white, as both have the same position, both are degreed engineers, and both provide technical assistance.

16. Plaintiff Kelly avers and alleges that Defendant Free and/or Defendant Hamilton acting under the color of state law, has discriminated against him based on his race and has created a racially hostile working environment. Plaintiff avers that Defendants are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 @ et. seq., as amended.

Plaintiff Kelly prays for the actual damages, equitable and declaratory relief, and recovery of costs and attorney fees to which he may be entitled under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 @ et. Seq., as amended.

## SECOND CAUSE OF ACTION
## RACIAL DISCRIMINATION UNDER 42 U.S.C. § 1981

17. Plaintiff Kelly realleges and incorporates herein in this Second Cause of Action the allegations of paragraphs 1-16 above as if set out herein in full.

18. Plaintiff Kelly alleges and avers that Defendants Free and Hamilton have discriminated against him based on his race, and the actions of the Defendants have created a racially hostile and/or generally hostile and abusive working environment. Therefore, the Defendants are in violation of 42 U.S.C. §1981.

19. Plaintiff Kelly prays for actual damages, equitable and declaratory relief, and recovery of costs and attorney fees against all Defendants, who may be appropriately sued under 42 U.S.C. §1981 and to which the Plaintiff may be entitled under 42 U.S.C. §1981.

### THIRD CAUSE OF ACTION
### DISCRIMINATION UNDER THE EQUAL PROTECTION CLAUSE OF THE CONSTITUTION OF THE UNITED STATES

20. Plaintiff Kelly realleges and incorporates herein in this Third Cause of Action the allegations of paragraphs 1-19 above as if set out herein in full.

21. Plaintiff Kelly avers and alleges that Defendant Free and/or Defendant Hamilton, acting under color of state law, have treated him differently from similarly situated white male employees, denying him equal protection of the law. The actions of Defendant Free and/or Defendant Hamilton have created an abusive, hostile and intimidating working environment for the Plaintiff.

22. Plaintiff Kelly alleges and avers that the actions of Defendant Free and/or Defendant Hamilton have caused him to suffer mental and emotional pain and has caused the Plaintiff to seek medical attention and to expend funds for medical treatment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a jury upon considering the evidence in this case will award the following relief:

A. An amount of money to sufficiently and adequately compensate the Plaintiff for the suffering inflicted upon him by the Defendant and an adequate amount in punitive damages to deter such action in the future.

B. The recovery of Court costs and an adequate and proper attorney fee.

C. Such other, further, and different relief that the Court determines the Plaintiff is entitled to receive.

## FOURTH CAUSE OF ACTION
## STATE ACTION-HARASSMENT

23. Plaintiff Kelly realleges and incorporates herein in this Fourth Cause of Action the allegations contained in paragraphs 1-22 above as if set out herein in full.

24. In January 2006, Plaintiff Kelly wrote Defendant Free a memorandum, with a copy going to Defendant Hamilton concerning updating the engineering jobs as the accountant jobs had been updated. Defendant Free responded with a memorandum, a copy of which was sent to Defendant Hamilton, informing Plaintiff Kelly there was no plans to request state personnel to re-evaluate PSC engineering positions. Defendant Free then, in essence, informed Plaintiff Kelly that if he did not like his compensation he could leave. Plaintiff Kelly responded that the engineers were not being treated "fair and equitable," and not given the same considerations as accountants, and Defendant Free was an accountant. Defendant Free responded to Plaintiff Kelly and threatened Plaintiff Kelly with disciplinary action and reminding Plaintiff Kelly if he did not like his situation he could leave. A copy of Defendant Free's memo went to Defendant Hamilton.

25. On Friday, February 10, 2006, Plaintiff Kelly was returning from an out of town trip, his ear was bothering him and he went to seek medical attention in place of coming back to the

office. On Monday, February 13, 2006, Defendant Free held a counseling session with Plaintiff Kelly because he sought medical treatment without calling the office first. On February 28, 2006, Defendant Free prepared a written summation of the counseling session and forwarded a copy of it to Defendant Hamilton. Defendant Free threatened Plaintiff Kelly with suspension or discharge in the future.

26. On April 17, 2006, Plaintiff Kelly received his Employee Performance Pre-Appraisal prepared by Defendant Free and reviewed by Defendant Hamilton. By memorandum dated April 17, 2006, Plaintiff Kelly forwarded his comments to Defendant Free. Defendant Free responded in a memo dated April 21, 2006 threatening Plaintiff Kelly with disciplinary action.

27. By memorandum dated June 22, 2006, Plaintiff Kelly expressed his displeasure of Defendant Free threatening him with a lower evaluation when Kelly informed Free that the Public Service Commission lacked expertise necessary on a certain project. A copy of the memorandum was sent to Defendant Hamilton.

28. By memorandum dated August 10, 2006, Plaintiff Kelly again complained about the lack of "close hands-on supervision" by Defendant Free. The Plaintiff complained that Defendant Free, an accountant by training, did not posses the basic engineering skills and training to provide "close hands-on supervision." Defendant Free refused to change wording on Plaintiff's Form 40 job description.

29. By memorandum dated August 18, 2006, to Defendant Hamilton, Plaintiff Kelly complained Defendant Free was harassing and threatening him. Defendant Free denied the issues raised by Plaintiff Kelly in a memorandum dated August 22, 2006.

30. By memorandum dated September 18, 2006, Plaintiff Kelly responded to Defendant Free concerning his Appraisal Review. On October 25, 2006, Defendant Free served Plaintiff

Kelly with a "Written Reprimand" because of Plaintiff Kelly's response to the Appraisal Review.

31. Plaintiff Kelly avers and alleges that Defendant Free's constant threats of disciplinary action, along with consistent failure to provide "close hands-on supervision" coupled with Defendant Free's lack of adequate engineering knowledge and training amounts too constant and on going harassment. Defendant Hamilton is aware of Defendant Free's actions toward Plaintiff Kelly and acquiesced in it, and failed to take any action to prevent the on going harassment.

32. Said harassment has caused Plaintiff Kelly to suffer embarrassment in front of his co-workers and to suffer mental and emotional pain and anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the jury will award him, based on the facts and circumstances of this case, an amount of money to adequately compensate the Plaintiff and to sufficiently punish the Defendants so as to deter such action in the future.

Respectfully submitted this the 2nd day of July, 2007.

/s/ Jim L. DeBardelaben
Jim L. DeBardelaben (DEB003)
Attorney for Plaintiff Kelly

OF COUNSEL:
Jim L. DeBardelaben
Attorney At Law
Post Office Box 152
Montgomery, Alabama 36101-0152
(3340 265-9206
(334) 265-9299 Fax

EEOC Form 161 (3/98)        **U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| | |
|---|---|
| To: Gregory Kelly<br>c/o Attorney Jim L. DeBardelaben<br>P. O. Box 152<br>Montgomery, AL 36101-0152 | From: Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2007-01781 | Glenn Todd, Investigator | (205) 212-2031 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[x] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Delner Franklin-Thomas*      4/10/07

Enclosure(s)     **Delner Franklin-Thomas,**     *(Date Mailed)*
**District Director**

cc: John A. Garner, Esq.
Attorney for the Commission
State of Alabama
Public Service Commission
P. O. Box 304260
Montgomery, AL 36130-4260

**EXHIBIT 1**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case ma-, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CHARGE OF DISCRIMINATION

| | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | [ ] FEPA<br>[XX] EEOC  420-2007-01781 |

_____ and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Mr. Gregory Kelly | (334) 271-2478 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6213 Willow Glenn Drive, Montgomery, AL 36117 | | Montgomery |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Alabama Public Service COmmission | Approx. 103 | (334) 242-2696 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 100 North Union Street, Montgomery, Alabama 36104 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| John Free | (334) 242-9579 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 100 NOrth UNion Street, Montgomery, AL 36104 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
[XX] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[XX] AGE   [ ] RETALIATION  [ ] OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)
01-30-07

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Janice M. Hamilton
100 North Union Street
Montgomery, AL 36104
(334) 242-2835

Particulars are attached

FEB 0 9 2007

[ ] I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_Gregory Kelly_
Date 02/06/07  Charging Party (Signature)

SIGNATURE OF COMPLAINANT
_Gregory Kelly_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
02/06/07

EEOC FORM 5 MAR 84    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

FILE COPY

## STATEMENT OF PARTICULARS

My name is Gregory Kelly, I am a fifty (50) year old black male employed by the Alabama Public Service Commission as a Public Utility Technical Specialist, Senior Energy Division, in the Electricity Section, as an Engineer.

My direct supervisor is John D. Free, a white male, younger than I, who is the Electricity Section Manager. John Free has an accounting degree, but evaluates my work performance and provides my annual performance rating. There are only two other degreed engineers employed in the Energy Division. Janice M. Hamilton is a black female, Division Director and has an engineering degree. The other degreed engineer is J. Rick Cleckler, a white male, and is in charge of the Special Project Section, but he is the only person in that section. Basically, J. Rick Cleckler does the engineering work for the Water Section.

There are five sections in the Energy Division. The Water Section, who is provided technical support by the Special Projects Section, Natural Gas Section, who is provided technical support by the Gas Pipeline Safety Section, and the Electricity Section which I am in and whose technical support is also provided by me. It is apparent that the only section that does not have technical support separate is the one whose technical support would be provided by a black male, over fifty (50) years of age.

All sections have budgets to operate under. The other two sections, being Special Projects and Gas & Pipeline Safety, that provide technical assistance have their own separate budget. However, I have to operate under the Electricity Section budget. Thus, if I was separate I would be the only black in a section that had its own budget. As a result of being in charge of the technical budget, I have lost out on training. The latest example was I was offered the opportunity to go to Denver Colorado for a Gas Technology Workshop. It was a all expense paid seminar, and would not cost the State of Alabama one cent. My supervisor, John Free, refused permission to go citing budget reasons. This happened on January 30, 2007. Since no state funds would be spent, the budget explanation has to be false. I believe I was not allowed to attend because of my race and possibly because of my age. On January 31, 2007, I had a meeting with Janice M. Hamilton concerning Mr. Free not allowing me to go to Colorado for training. Director Hamilton overruled John Free, not only allowing me to go, but several other staff members, including herself as well.

The position I presently hold has been occupied by a black person for the past sixteen (16) years. This position has not had a desk audit (job study) for over twenty five (25) years. The last time a desk audit was done on this position, it was occupied by a white person. I have on numerous occasions requested that a desk audit be performed on my position. Each time my request has been refused by John Free.

In May 2005 my job title was changed from "Utilities Engineering Specialist II" to "Public Utility Technical Specialist, Senior." No job study was conducted at this time and no reason was provided for the change in job titles. However, since I have the same job title as J. rick Clecker, a

FEB 0 9 2007

white male, I do not understand why I am treated differently, except that I am a black person.

Although the position I hold has been filled by a black person for the past sixteen (16) years, I am the first merit system black engineer that has worked for the Alabama Public Service Commission, Energy Division. The only explanation of why I am treated different from J. Rick Cleckler is my age and my race. I believe my age is an issue because John Free and Janice M. Hamilton are younger than I am. I believe my race definitely prevents me from being treated the same as J. Rick Cleckler, as we have the same position, are both degreed engineers, and both provide technical assistance, but he is supervised by a black female with an engineering degree and I am supervised by a younger white male with an accounting degree.

FEB 0 9 2007