## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **GREGORY KELLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO:2-07-cv-610-WHA** |
| ) | |
| **JOHN FREE, individually and in his** ) | |
| **official position as an employee of the** ) | |
| **Alabama Public Service Commission;** ) | |
| **JANICE M. HAMILTON, individually** ) | |
| **and in her official position as a** ) | |
| **Division Director of the Alabama** ) | |
| **Public Service Commission; and** ) | |
| **ALABAMA PUBLIC SERVICE** ) | |
| **COMMISSION, an agency of the State** ) | |
| **of Alabama,** ) | |
| ) | |
| **Defendants.** | |

### ANSWER

**COME NOW** the Defendants, **JOHN FREE, JANICE HAMILTON** and the

**ALABAMA PUBLIC SERVICE COMMISSION** and for Answer to Plaintiff's

Complaint state as follows:

### JURISDICTION

1.    Defendants admit that the Court has subject matter and personal jurisdiction

over the claims pled in the Complaint.

### PARTIES

2.    Upon information and belief, admitted.

1

3.      Admitted.

4.      Admitted.

5.      Admitted.

## STATEMENT OF FACTS

6.      Defendants admit the allegations in paragraph number 6.  Specifically,

Plaintiff's title is Public Utility Technical Specialist, Senior and Plaintiff is employed as

an Engineer in the Electricity Section of the Energy Division of the Alabama Public

Service Commission ("PSC").

7.      Defendants admit that John Free is a white male, has an Accounting

Degree, manages the Electricity Section of the Energy Division, and is younger than the

Plaintiff.  Defendants further admit that as Plaintiff's direct supervisor and the person

who interviewed and hired Plaintiff for his job at the PSC, Defendant Free evaluates

Plaintiff's job performance and completes Plaintiff's annual evaluation.

8.      Defendants admit that Janice Hamilton, a black female, and Rick Cleckler,

a white male, are Engineers with the PSC.  Defendants admit that Hamilton is the

Director of the Energy Division and direct supervisor of Cleckler, who is assigned to the

Special Projects Section of the Energy Division.

9.      Defendants admit that the position which Plaintiff presently occupies has

been occupied by a black employee for the past 16 years, except for the time period

between February 1999, when the employee then holding the position resigned, and the

2

Plaintiff was promoted to the position in May 2004. The position was formerly known as Utility Engineer Specialist II, but was changed by the Alabama State Personnel Department to Public Utility Technical Specialist, Senior. Defendants deny that Plaintiff has ever specifically requested a "desk audit" be performed for his position but admit that Plaintiff has pursued changes to his salary range which would require the State Personnel Department to conduct a desk audit of the position, and has requested a "re-evaluation of the PSC technical specialist positions." Defendants are without sufficient information and knowledge to either admit or deny the remaining allegations contained in paragraph 9 and thus the allegations are denied.

10.    Defendants admit that Plaintiff's job title was changed from "Utilities Engineer Specialist II" to "Public Utility Technical Specialist, Senior" in May 2005. However, Defendants admit that the change in job title was unilaterally made by the Alabama State Personnel Department for all engineers in the state system, including Plaintiff's co-employee, Rick Cleckler. Defendants further admit that the change in job title by the State Personnel Department was made against the recommendation of division directors of the Alabama Public Service Commission.

11.    Defendants admit that Plaintiff's job title and pay grade is the same as Rick Cleckler's. Defendants admit the remaining allegations contained in paragraph 11.

12.    Defendants admit that Plaintiff is a merit system employee and that Rick Cleckler is also a merit system employee. Defendants further admit that Janice

Hamilton's current position with the Alabama Public Service Commission is a non-merit position. The remaining allegations in paragraph 12 are denied.

13. Defendants admit that Plaintiff filed a charge of discrimination with the EEOC, that the EEOC conducted an investigation and made no findings of a violation of applicable federal law by Defendants but did issue Plaintiff a Right-To-Sue letter on or about April 10, 2007.

## FIRST CAUSE OF ACTION

14. Defendants hereby reincorporate and reassert the matters pled in the preceding paragraphs of this Answer to the Complaint.

15. Defendants deny the allegations in their entirety and demand strict proof thereof.

16. Defendants deny the allegations in their entirety and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any damages, equitable or declaratory relief, and further deny that Plaintiff is entitled to costs and attorneys' fees, or any other relief he seeks in the Complaint.

## SECOND CAUSE OF ACTION

17. Defendants hereby reincorporate and reassert the matters pled in the preceding paragraphs of this Answer to the Complaint.

18. Defendants deny the allegations in their entirety and demand strict proof

4

thereof.

19.    Defendants deny that Plaintiff is entitled to any damages, equitable or declaratory relief, and further deny that Plaintiff is entitled to costs and attorneys' fees, or any other relief he seeks in the Complaint.

## THIRD CAUSE OF ACTION

20.    Defendants hereby reincorporate and reassert the matters pled in the preceding paragraphs of this Answer to the Complaint.

21.    Defendants deny the allegations in their entirety and demand strict proof thereof.

22.    Defendants deny the allegations in their entirety and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE paragraph, and further deny that Plaintiff is entitled to any monetary, compensatory and/or punitive damages, the recovery of costs and attorneys' fees, or any other relief he seeks in the Complaint.

## FOURTH CAUSE OF ACTION

23.    Defendants hereby reincorporate and reassert the matters pled in the preceding paragraphs of this Answer to the Complaint.

24.    Defendants admit that on or about January 3, 2006, the Plaintiff sent a memo to Defendant John Free to which Mr. Free responded on or about January 23, 2006.

Defendants further admit that on or about January 25, 2006, the Plaintiff sent a reply to Defendant Free's response to which Defendant Free again responded on or about February 14, 2006. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25.    Defendants admit that Plaintiff previously claimed that he had to seek medical treatment on or about February 10, 2006, and further admit that Defendant Free had a counseling session with the Plaintiff on or about February 13, 2006, of which Defendant Free prepared a summation. Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.    Defendants admit that Plaintiff would have received on or about April 17, 2006 his Employee Performance Mid-Appraisal prepared by Defendant Free and reviewed by Defendant Hamilton. Defendants further admit that Plaintiff subsequently provided "comments" to the report to Defendant Free and Defendant Free subsequently responded thereto. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.    Defendants admit that on or about June 22, 2006, Defendant Free received a memorandum from the Plaintiff concerning an assignment the Plaintiff had been given. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.    Defendants admit that on or about August 10, 2006, Defendant Free received a memorandum from Plaintiff concerning Form 40. Defendants further admit

that Defendant Free advised the Plaintiff that there were no "conditions and/or circumstances that would warrant" a modification of Plaintiff's Form 40.  The remaining allegations in paragraph 28 of the Complaint are denied.

29.    Defendants admit that on our about August 18, 2006, Defendant Free received a memorandum from the Plaintiff on which Defendant Hamilton was copied. Defendants further admit that Defendant Free responded thereto on or about August 22, 2006.  The remaining allegations in paragraph 29 of the Complaint are denied.

30.    Defendants admit that on or about September 15, 2006, Defendant Free prepared and submitted to the Plaintiff the Plaintiff's Employee Performance Appraisal. Defendants further admit that on or about September 18, 2006, Defendant Free received a memorandum from the Plaintiff in response to the Appraisal and, subsequently thereto, Defendant Free replied to the Plaintiff's response and served a "Written Reprimand" on or about October 25, 2006.  The remaining allegations in paragraph 30 of the Complaint are denied.

31.    Defendants deny the allegations in their entirety and demand strict proof thereof.

32.    Defendants deny the allegations in their entirety and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE paragraph, and further deny that Plaintiff is entitled to any monetary,

compensatory and/or punitive damages, or any other relief he seeks in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's claims herein are essentially the same as his Employee Grievance which he filed pursuant to § VI of the Alabama Public Service Commission's Employee Guidelines.  Pursuant to such Guidelines, a Grievance Committee, composed of the Plaintiff's co-employees and a PSC Administrative Law Judge, thoroughly considered the Plaintiff's grievances at a full hearing on August 10, 2005.  Based on the evidence at such hearing, the Grievance Committee found that the Plaintiff's grievance was without merit and rendered the Findings and Recommendations attached hereto as Exhibit 1.  Such Findings and Recommendations were unanimously adopted and concurred in by the full Commission on August 23, 2005. (Exhibit 2 hereto).

### SECOND DEFENSE

Defendants specifically deny any and all allegations of wrongdoing contained in Plaintiff's Complaint.

### THIRD DEFENSE

The Complaint in its entirety, and each claim or cause of action therein, fails to state or infer a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendants plead not guilty.

### FIFTH DEFENSE

Defendants plead the general issue.

### SIXTH DEFENSE

Defendants aver that Plaintiff has failed to and cannot state a claim for which relief can be granted against the Alabama Public Service Commission pursuant to 42 U.S.C. § 1981.

### SEVENTH DEFENSE

There is an efficient, intervening cause which isolates Defendants from liability.

### EIGHTH DEFENSE

Defendants committed no act or omission, nor did they breach any duty, that caused or contributed in any manner to the injuries and damages complained of by the Plaintiff.

### NINTH DEFENSE

Defendants deny that they have acted or failed to act in any manner that caused or contributed to any damages or injuries alleged by the Plaintiff.

### TENTH DEFENSE

Defendants aver the Plaintiff's claims are barred under any of the following Doctrines: Waiver (equitable, judicial or otherwise), Estoppel (equitable, judicial or otherwise), Laches, Fraud, Ratification, Release, Acceptance, Assumption of the Risk and Unclean Hands.

### ELEVENTH DEFENSE

Defendants allege that the Complaint fails to state any injuries or damages which were proximately caused by Defendants and deny that any act or omission on their part, whether individually or jointly, proximately caused the damages sued for in Plaintiff's Complaint.

### TWELFTH DEFENSE

Defendants deny any and all express or implied allegations of *respondeat superior* and/or agency.

### THIRTEENTH DEFENSE

Plaintiff has failed to state a claim and cannot state a claim for relief against Defendants John Free or Janice Hamilton pursuant to Title VII of the Civil Rights Act of 1964.

### FOURTEENTH DEFENSE

Defendants assert that Plaintiff's alleged damages were not within their control to either cause or prevent.

### FIFTEENTH DEFENSE

Defendants Free and Hamilton assert and are entitled to qualified immunity.

### SIXTEENTH DEFENSE

Defendant Alabama Public Service Commission asserts and is entitled to Eleventh Amendment Immunity.

10

### SEVENTEENTH DEFENSE

Defendants assert that Plaintiff has failed to exhaust any and all applicable administrative remedies.

### EIGHTEENTH DEFENSE

Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations.

### NINETEENTH DEFENSE

Plaintiff's economic damages, if any, are limited to or foreclosed by his failure to engage in reasonable efforts to mitigate those damages.

### TWENTIETH DEFENSE

At all times relevant to this lawsuit, Defendants acted in good faith and in accordance with applicable law.

### TWENTY-FIRST DEFENSE

Any action taken by Defendants was taken for legitimate, non-discriminatory business reasons, not for the purposes of interfering with or depriving Plaintiff of rights or benefits.

### TWENTY-SECOND DEFENSE

Plaintiff's damages may be limited to and/or foreclosed by the after acquired evidence doctrine.

### TWENTY-THIRD DEFENSE

Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injury.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages violates the Fourth, Fifth, Eighth and

Fourteenth Amendments of the Constitution of the United States on the following

separate and several grounds:

(a)    It is a violation of the Due Process and Equal Protection
       Clauses of the Fourteenth Amendment of the United States
       Constitution to impose punitive damages, which are penal in
       nature, against a civil defendant upon the Plaintiff satisfying a
       burden of proof which is less than the "beyond a reasonable
       doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are
       awarded fail to provide a reasonable limit on the amount of an
       award against Defendants, which thereby violate the Due
       Process Clause of the Fourteenth Amendment of the United
       States Constitution;

(c)    The procedures pursuant to which punitive damages are
       awarded fail to provide specific standards which thereby
       violate the Due Process Clause of the Fourteenth Amendment
       of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are
       awarded result in the imposition of different penalties for the
       same or similar acts and, thus, violate the Equal Protection
       Clause of the Fourteenth Amendment of the United States
       Constitution;

(e)    The procedures pursuant to which punitive damages are
       awarded permit the imposition of punitive damages in excess
       of the maximum criminal fine for the same or similar conduct,
       which thereby infringes the Due Process Clause of the Fifth

12

and Fourteenth Amendments and the Equal Protection Clause
of the Fourteenth Amendment of the United States
Constitution;

(f)    The procedures pursuant to which punitive damages are
awarded permit the imposition of excessive fines in violation
of the Eighth Amendment of the United States Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages violates the Due Process Clause of Article I,

Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a)    It is a violation of the Due Process Clause to impose punitive
damages, which are penal in nature, against a civil defendant
upon the Plaintiff satisfying a burden of proof other than the
"beyond a reasonable doubt" burden of proof required in
criminal cases;

(b)    The procedures pursuant to which punitive damages are
awarded fail to provide a limit on the amount of the award
against Defendants;

(c)    The procedures pursuant to which punitive damages are
awarded are constitutionally vague;

(d)    The procedures pursuant to which punitive damages are
awarded fail to provide specific standards for the amount of
punitive damages;

(e)    The award of punitive damages in this case would constitute
deprivation of property without due process of law;

(f)    The procedures permit the award of punitive damages upon
satisfaction of a reduced standard of proof;

(g)    The procedures fail to provide a clear and consistent appellate
standard of review of an award of punitive damages;

13

(h)   The procedures permit the admission of evidence relative to
punitive damages in the same proceedings during which
liability and compensatory damages are determined.

**TWENTY-SIXTH DEFENSE**

The award of punitive damages to the Plaintiff in this action would constitute a

deprivation of property without due process of law required under the Fifth and

Fourteenth Amendments of the United States Constitution.

**TWENTY-SEVENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the

imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of

Alabama.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's demand herein for punitive damages violates the Due Process Clauses

of the Fifth and Fourteenth Amendments of the United States Constitution and Article I,

Section 6 of the Constitution of Alabama of 1901.  The Plaintiff's claim for punitive

damages herein is vague and not rationally related to any legitimate government interests.

**TWENTY-NINTH DEFENSE**

Plaintiff's demand herein for punitive damages violates the Sixth Amendment to

the United States Constitution and Article I, Section 11 of the Constitution of Alabama of

1901.  The Plaintiff's demand for punitive damages herein is penal in nature and deprives

Defendants of the same procedural safeguards accorded to a criminal defendant under

14

said federal and state constitutional provisions.

### THIRTIETH DEFENSE

Plaintiff's demand for punitive damages violates the Self-Incrimination Clauses of the Fifth Amendment of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901.  The punitive damages claimed by the Plaintiffs are penal in nature.  Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination provided for in said federal and state constitutional provisions.

### THIRTY-FIRST DEFENSE

Plaintiff's demand herein for punitive damages violates Article I, Sections 10 and 13 of the Constitution of Alabama of 1901.

### THIRTY-SECOND DEFENSE

Plaintiff's demand herein for punitive damages is unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901.  Said Constitutional provisions prohibit the deprivation of life, liberty or property without due process of law.  Punitive damages are penal in nature and require a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

### THIRTY-THIRD DEFENSE

Plaintiff's demand herein for punitive damages is unconstitutional under the Equal

Protection Clauses of the Fifth and Fourteenth Amendments of the United States

Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama of 1901.

**THIRTY-FOURTH DEFENSE**

Defendants aver that the imposition of punitive damages under Alabama law is

arbitrary and capricious.  Inasmuch as there are no standards for fair and objective

calculation of such damages and as the same are penal in nature, Plaintiffs must show

entitlement to the same by evidence beyond a reasonable doubt.  Further imposition of

punitive damages under Alabama law is contrary to the Due Process and Equal Protection

clauses of both the Constitution of the United States of America and of the State of

Alabama.  Additionally, the imposition of punitive damages under Alabama law, even

with Green Oil and Hammond's guidelines, is arbitrary and capricious leading to "grossly

excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in

reaching some rational ratio between compensatory and punitive damages nor some

rational relation between the Defendants' alleged conduct and the legitimate interest of

the State to punish unlawful conduct and deter its repetition.  BMW of North America v.

Gore, 116 S.Ct. 1589 (1996).

**THIRTY-FIFTH DEFENSE**

The claims of Plaintiff for punitive damages against Defendants cannot be upheld,

because any award of punitive damages under Alabama law without bifurcating the trial

of all punitive damages would violate Defendants' Due Process rights guaranteed by the

16

United States Constitution and the Alabama Constitution.

### THIRTY-SIXTH DEFENSE

Defendants deny and contest the damages and injuries which are being asserted in Plaintiff's Complaint and demand strict proof thereof.

### THIRTY-SEVENTH DEFENSE

Defendants assert any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

### RESERVATION OF DEFENSES

**Defendants reserve the right to plead additional affirmative defenses as they become known in the course of discovery or until a reasonable time following the conclusion of all factual discovery in this case.**

### DEFENSIVE CLAIM FOR COSTS AND ATTORNEYS' FEES

Plaintiff's claims against Defendants are groundless, completely void of merit, and have been brought for purposes of harassment and without factual support.  As a result of this action, Defendants have been compelled to employ Oakley Melton, Jr. and J. Flynn Mozingo to defend them in this frivolous action.  To the extent allowed by law, Defendants hereby request an award of their costs and attorneys' fees for any and all claims on which the Defendants, or any one of them, may prevail.

Respectfully submitted this the 23[th] day of July, 2007.


      s/Oakley Melton, Jr.
OAKLEY MELTON, JR. (MEL002)

      s/J. Flynn Mozingo
J. FLYNN MOZINGO (MOZ003)
Attorneys for Defendants, John Free, Janice
Hamilton and Alabama Public Service
Commission
MELTON, ESPY & WILLIAMS, P.C.
P. O. Drawer 5130
Montgomery, AL   36103-5130
Telephone:   (334) 263-6621
Facsimile:   (334) 263-7252
fmozingo@mewlegal.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed
on the 23[th] day of July, 2007, with the Clerk of the Court and that a copy of same will be
served upon the listed counsel of record by electronic notification via the ECF/CM
System:

Jim DeBardelaben
Post Office Box 152
Montgomery, AL 36107


      s/J. Flynn Mozingo
OF COUNSEL

18

# STATE OF ALABAMA
ALABAMA PUBLIC SERVICE COMMISSION
P.O. BOX 304260
MONTGOMERY, ALABAMA 36130-4260

JIM SULLIVAN, PRESIDENT

JAN COOK, ASSOCIATE COMMISSIONER

GEORGE C. WALLACE, JR., ASSOCIATE COMMISSIONER

WALTER L. THOMAS, JR.
SECRETARY



IN RE:    EMPLOYEE GRIEVANCE FILED BY MR. GREGORY KELLY

### Findings and Recommendations of the Grievance Committee

We, the Grievance Committee appointed by the Commission to hear the Employee Grievance filed by Mr. Gregory Kelly pursuant to Section VI of the Alabama Public Service Commission's <u>Employee Guidelines</u>, have considered said grievance as well as the testimony adduced at the August 10, 2005 hearing held on this matter and the documentation provided at said hearing.

Based on the evidence which we have been presented, we find that Mr. Kelly's grievance is without merit. Mr. Kelly made no allegations of wrongdoing or improper conduct by his immediate supervisor, Mr. John Free, or by the Energy Division director, Mrs. Janice Hamilton. His complaint appears to be that his position is not located in the Special Projects Section with the other Public Utility Technical Specialist in the Energy Division and that he is not directly supervised by another engineer. Mr. Kelly alleges that he has a "fractured career path, an unleveled playing field, compromised job position, lost synergy, and communication difficulties (vertical and horizontal)" due to this situation. We find that the evidence does not support Mr. Kelly's allegations.

Mr. Kelly testified that he was satisfied with his current job position— even remarking that it was a "dream job" – and that he had no desire to seek a higher level position at the Commission. We are therefore at a loss to understand his claims of fractured career path and unlevel playing field. The evidence indicated that Mr. Kelly is currently filling the senior engineering position available at the Commission. The current organizational structure (which has been in place since Mr. Kelly interviewed and was hired at the Commission) did not hinder him from being promoted to this position. The only higher level positions in the Energy Division (outside of Gas Pipeline Safety) are Public Utility Analyst Manager and Energy Division Director. Both of these positions are multi-discipline, involving the supervision of not only technical, but also financial and clerical disciplines. From the record, it appears that Mr. Kelly meets the education requirements for both of these positions. In fact, Mrs. Hamilton was promoted to Energy Division Director directly from the position currently held by Mr. Kelly. Given Mr. Kelly's promotion to the most senior engineering position at the Commission, his stated lack of desire to move to any higher level position, and his apparent qualification to fill such positions should he have a change of heart, we find his allegations of fractured career path and unlevel playing field completely lacking in merit.

Mr. Kelly's claim of compromised job position was equally confusing. Given his apparent satisfaction with the job, his promotion to the senior engineering classification, and his supervisor's satisfaction with his job performance, we find no compromise of Mr. Kelly's job position.

Mr. Kelly also claims that the current organization is responsible for "lost synergy" in the Energy Division. He testified that his structural separation from the other Public Utility Technical Specialist in the Energy Division and the fact that he does not report directly to Mrs. Hamilton is the

Findings and Recommendations of the Grievance Committee
August 16, 2005
Page #2

cause of "lost synergy." Mrs. Hamilton, the Division Director, disagrees. She believes that the current organization is the most efficient and effective at the current time. Given that the Commission has delegated to Mrs. Hamilton the authority and the responsibility to organize and manage the Energy Division, we see no justification to substitute Mr. Kelly's judgment for Mrs. Hamilton's.

Finally, Mr. Kelly claims that he has both vertical and horizontal communication difficulties. Our analysis of the evidence leads us to find that any communications difficulties are not due to the organization at the Energy Division, Mr. Free, Mrs. Hamilton, or any of Mr. Kelly's co-workers, but are solely attributable to Mr. Kelly.

It appears that Mr. Kelly wishes this committee to substitute his judgment for Mrs. Hamilton's judgment on how the Energy Division should be organized solely for his personal satisfaction and convenience. There were no allegations of wrongdoing or improper conduct. We find no credible evidence of fractured career path, unlevel playing field, compromised job position, or lost synergy. We find that any communications difficulties are the sole perception of Mr. Kelly. We recommend that Mr. Kelly's request for his position to be moved to the Special Projects Section and his request that he report directly to a technical manager be denied.

In conclusion, we emphasize that the above findings, conclusions and recommendation are based on the documentary evidence submitted to us and the record compiled at the hearing in this matter. We feel that, based on the information we have, the unanimous findings, conclusions and recommendations set forth herein are just, reasonable and appropriate.

Aquilla Spivey

Debra Jackson

Tom Jones

Doug Dillard

G. Scott Morris
Administrative Law Judge



# STATE OF ALABAMA

ALABAMA PUBLIC SERVICE COMMISSION
P.O. BOX 304260
MONTGOMERY, ALABAMA 36130-4260

JIM SULLIVAN, PRESIDENT
JAN COOK, ASSOCIATE COMMISSIONER
GEORGE C. WALLACE, JR., ASSOCIATE COMMISSIONER

August 23, 2005

WALTER L. THOMAS, JR.
SECRETARY

EXHIBIT
2

Mr. Gregory Kelly
Public Utility Technical Specialist
Alabama Public Service Commission
Montgomery, Alabama 36104

Dear Mr. Kelly:

We have reviewed the August 16, 2005 Findings and Recommendations of the Grievance Committee appointed to hear the Employee Grievance you filed pursuant to Section VI of the Commission's Employee Guidelines and Procedures Manual. We are unaware of any unusual or extenuating circumstances of record in this case which would justify a decision contrary to that reached by the Committee. Accordingly, we adopt and concur with the Findings and Recommendations of the Grievance Committee.

THE COMMISSION, THEREFORE, FINDS, That Mr. Gregory Kelly's request that his position be moved from the Electricity Section of the Energy Division to the Special Projects Section of the Energy Division is due to be denied.

THE COMMISSION FURTHER FINDS, That Mr. Gregory Kelly's request that he report directly to a technical manager is also due to be denied.

ALABAMA PUBLIC SERVICE COMMISSION

Jim Sullivan, President

Jan Cook, Commissioner

George C. Wallace, Jr., Commissioner

JS/JC/GCWjr:eml